# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 99-2341

_____

Linda K. Burnsides; Mary M. Sorg;    *
Gary Vyborney, suing on behalf of      *
themselves individually and on behalf   *
of a class of similarly-situated persons,  *
         *
    Plaintiffs-Appellants,    *
         *
  v.         *
         *
MJ Optical, Inc., a Nebraska     *
Corporation; Optical Illusion, Inc., a   *
Nebraska Corporation;      *  Appeal from the United States
         *  District Court for the District of
    Defendants,     *  Nebraska.
         *
Commercial Optical Company, Inc., a  *    [UNPUBLISHED]
Nebraska Corporation;      *
         *
    Defendant-Appellee,    *
         *
Optical Services, Inc., a Nebraska   *
Corporation; C.O.C., Inc., a     *
Nebraska Corporation; Optical    *
Services, Limited Partnership;    *
Sheldon I. Rips, an Individual,    *
         *
    Defendants.     *

_____

Submitted:  January 10, 2001

Filed:  January 19, 2001
_____

Before WOLLMAN, Chief Judge, and FAGG and HANSEN, Circuit Judges.
_____

PER CURIAM.

This is the second appeal in this case involving the Worker Adjustment and Retraining Notification Act (WARN) , 29 U.S.C. §§ 2101-2109 (1994).  In the first appeal, we reversed the district court's decision that Commercial Optical Company, Inc. did not violate the WARN Act when Commercial failed to give employees notice of a plant closing.  See Burnsides v. MJ Optical, Inc., 128 F.3d 700 (8th Cir. 1997).  We decided that under the Act, the "unforeseeable business circumstances" defense excused Commercial from giving  60-days' written notice, but instead required Commercial to give as much notice as practicable.  See id. at 703-04.  We stated that under the circumstances, "Commercial had an obligation to notify the employees that they would lose their jobs in two days."  Id. at 704.  We remanded the case for the district court to calculate damages.  See id.  On remand, the district court awarded damages in the amount of two days' pay and benefits.  The employees appeal arguing the district court committed error in finding Commercial could rely on the "unforeseeable business circumstances" defense without giving any written notice to employees, and the district court should have awarded damages for a sixty rather than two-day WARN violation.  These arguments ignore our holdings in the first appeal. Having carefully considered the employees' appeal, we affirm the district court.  See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.